CT Corporation

**Service of Process Transmittal**
05/06/2020
CT Log Number 537631017

TO:     KIM LUNDY SERVICE OF PROCESS
        WALMART INC.
        702 SW 8TH ST
        BENTONVILLE, AR 72716-6209

RE:     **Process Served in Virginia**

FOR:    Wal-Mart Stores East, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Johnson James, Pltf. vs. Wal-Mart Stores East, LP, etc. and Wal-Mart Stores, inc., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 760CL1900525900 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - - |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Glen Allen, VA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/06/2020 at 12:00 |
| **JURISDICTION SERVED :** | Virginia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/06/2020, Expected Purge Date: 05/11/2020<br><br>Image SOP<br><br>Email Notification,  KIM LUNDY SERVICE OF PROCESS  ctlawsuits@walmartlegal.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Exhibit B
James Johnson v. Walmart Stores East,
LP and Walmart Inc.

Page 1 of  1 / PK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
05/06/2020
CT Log Number 537632690

TO:     KIM LUNDY SERVICE OF PROCESS
        WALMART INC.
        702 SW 8TH ST
        BENTONVILLE, AR 72716-6209

RE:     **Process Served in Virginia**

FOR:    Wal-Mart Stores, Inc.  (Former Name)  (Domestic State: DE)
        WALMART INC. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Johnson James, Pltf. vs. Wal-Mart Stores East, LP and Wal-Mart Stores, Inc, Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 760CL1900525900 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Glen Allen, VA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/06/2020 at 12:00 |
| **JURISDICTION SERVED :** | Virginia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/06/2020, Expected Purge Date: 05/11/2020<br><br>Image SOP<br><br>Email Notification,  KIM LUNDY SERVICE OF PROCESS  ctlawsuits@walmartlegal.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / AA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# COMMONWEALTH OF VIRGINIA



RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND VA 23219

Summons

To: WAL MART STORES EAST LP                    Case No. 760CL19005259-00
T/A WAL-MART SUPERCENTER #1525
SERVE: CT CORPORATION SYSTEM,
REGISTERED AGENT
4701 COX ROAD, SUITE 285
GLEN ALLEN VA 23060

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Tuesday, February 11, 2020

Clerk of Court: EDWARD F JEWETT

by _____
(CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name:   EPPERLY, DAVID L; JR
7 EAST FRANKLIN STREET
RICHMOND VA 23219
804.648.6480

**V I R G I N I A:**

## IN THE CIRCUIT COURT OF THE CITY OF RICHMOND
### John Marshall Courts Building

**James Johnson,**

        **Plaintiff,**

                                                   **Case No.:** CL19005259-00

**v.**

**Wal-Mart Stores East, LP**
**t/a Wal-Mart Supercenter #1525**

**and**

**Wal-Mart Stores, Inc**

               **Defendants.**


## COMPLAINT

NOW COMES the Plaintiff, by counsel, and moves for judgment against the above-named Defendants, jointly and severally, and in support thereof says as follows:

    1.    Defendant, Wal-Mart Stores East, LP, t/a Wal-Mart Supercenter #1525, is, and at all times herein mentioned was, a corporation duly organized and existing under the laws of the State of Delaware, with its principal office located in Bentonville, Arkansas and is engaged in the retail business of selling products to the public at the Wal-Mart Supercenter #1525 located at 7430 Bell Creek Road, Mechanicsville, VA  23111, with its registered agent in Glen Allen, Virginia.

    2.    Defendant, Wal-Mart Stores, Inc. is, and at all times herein mentioned was, a corporation duly organized and existing under the laws of the State of Delaware, with its principal office located in Bentonville, Arkansas and is engaged in the retail business of selling

products to the public at the Wal-Mart Supercenter #1525, located at 7430 Bell Creek Road, Mechanicsville, VA 23111, with its registered agent in Glen Allen, Virginia.

3.     At all times relevant herein, the agents, servants, and employees of the Defendants were acting within the scope of their employment, and owed the public a duty of exercising due care for the safety of the Plaintiff, and any other business invitees who were on the premises located at 7430 Bell Creek Road, Mechanicsville, VA 23111, hereinafter "Wal-Mart".

4.     At all times relevant herein, the Plaintiff was a business invitee of both Defendants.

5.     On or about October 16, 2017, the Plaintiff, while shopping at Wal-Mart, was using the Men's Restroom.

6.     At the same place and time, an agent, servant, and employee of the Defendants was cleaning the restroom.

7.     The Defendants, through this agent, servant, and employee, while cleaning the restroom improperly mixed cleaning agents together, causing a toxic fog and gas.

8.     The Plaintiff, not knowing about the gas, continued to breathe normally, but breathed in the toxic fumes.

9.     The Defendants, through their agents, servants, and employees while cleaning the restroom failed to warn in any way customers, including the Plaintiff, of the dangerous condition they had created.

10.     The Defendants, through their agents, servants, and employees, knew or should have known of this danger due to the fact that the chemical cleaning agents were not to be mixed together.

## COUNT I

11.    The Plaintiff hereby realleges, adopts, and incorporates by reference those allegations contained in numbered paragraphs 1 through 10.

12.    The Defendant, Wal-Mart Stores East, LP, t/a Wal-Mart Supercenter #1525, through its agents, servants, and employees negligently, by acts of omission and commission, breached said duty owed to the Plaintiff by creating a hazardous and dangerous condition, as the Defendant's agent, servant, and employee mixed the chemical products together when they knew or should have known of the danger resulting from mixing the cleaning products, and failed to warn the Plaintiff.

13.    As a direct and proximate result thereof, the Plaintiff was caused to suffer serious and permanent injuries, has been prevented from transacting his business, has suffered and will continue to suffer great pain of body and mind, has incurred and will incur in the future hospital, doctors', and related medical bills in an effort to be cured of said injuries, and has suffered a loss of past and future wages, and a loss of earning capacity.

## COUNT II

14.    The Plaintiff hereby realleges, adopts, and incorporates by reference those allegations contained in numbered paragraphs 1 through 13.

15.    Defendant, Wal-Mart Stores, Inc., through its agents, servants, and employees negligently, by acts of omission and commission, breached said duty owed to the Plaintiff by creating a hazardous and dangerous condition, as the Defendant's agents, servants, and employees mixed the chemical products together when they knew or should have known of the danger resulting from mixing the cleaning products, and failed to warn the Plaintiff.

16.     As a direct and proximate result thereof, the Plaintiff was caused to suffer serious and permanent injuries, has been prevented from transacting his business, has suffered and will continue to suffer great pain of body and mind, has incurred and will incur in the future hospital, doctors', and related medical bills in an effort to be cured of said injuries, and has suffered a loss of past and future wages, and a loss of earning capacity.

WHEREFORE, the Plaintiff demands judgment against the Defendants, jointly and severally, in the amount of TEN MILLION and 00/100 DOLLARS ($10,000,000.00), plus costs, and interest from the date of judgment.

TRIAL BY JURY IS DEMANDED.

James Johnson
By counsel

David L. Epperly, Jr., Esquire, VSB #30072
EPPERLY & FOLLIS, P.C.
7 East Franklin Street
Richmond, Virginia 23219
(804) 648-6480
(804) 643-1551 facsimile
Counsel for Plaintiff

**V I R G I N I A:**

## IN THE CIRCUIT COURT OF THE CITY OF RICHMOND
### John Marshall Courts Building

James Johnson,

      Plaintiff,

                                Case No.:CL19005259-00

Wal-Mart Stores East, LP
t/a Wal-Mart Supercenter #1525

and

Wal-Mart Stores, Inc

      Defendants.

### <u>PLAINTIFF'S FIRST SET OF INTERROGATORIES<br>TO DEFENDANTS</u>

      NOW COMES Plaintiff, by counsel, and serves the following Interrogatories on the

Defendants pursuant to the Rules of the Supreme Court of Virginia, to be answered under oath in

accordance with said rules:

<u>Definitions and Instructions</u>

      (1)     In answering these Interrogatories, furnish all information which is available to

you, including information in the possession of your agents, attorneys (that is not privileged),

investigators, employees, or any one employed on your behalf, and not merely such information

known of your own personal knowledge.  Please indicate, where appropriate, the source of your

answer.

      If you cannot answer in full, after exercising due diligence to secure the information

requested, so state and answer to the extent possible, specifying your inability to answer the

remainder and stating whatever knowledge or information you have concerning the unanswered portion.

(2)     The pronoun "you" refers to the party to whom these Interrogatories are addressed.

(3)     The noun "person" shall include any individual, association, proprietorship, firm, partnership, joint venture, corporation, trust, estate, or other legal entity.

(4)     "Defendant" shall mean Wal-Mart Stores East, LP t/a Wal-Mart Supercenter #1525 and/or Wal-Mart Stores, Inc.,

(5)     "Plaintiff" shall mean James Johnson,

(6)     "Communication" or "communications" means all oral, visual, or other sensory means of transmitting information, messages, or statements.

(7)     The term "documents" as used herein shall mean any handwritten, typewritten, printed, recorded or graphic matter, or writings of any kind, including the originals and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise and all drafts, alterations, modifications, changes, and amendments of any of the foregoing, however produced or reproduced, whether or not claimed to be privileged, including, but not limited to, claims, correspondence, reports, audits, records, receipts, ledgers, files, accounts, memoranda, notes, telegrams, schedules, plans, drawings, contracts, books, journals, photographs, tapes, sound recordings, catalogs, checks, writings, and witness statements, and all other matters discoverable pursuant to the Rules of the Supreme Court of Virginia.

(8)     As used herein, the terms "describe" and "state the basis" mean to set forth in detail each fact, consideration, circumstance, act, omission, event, transaction, occurrence, or statement, including the application of law to fact and also including all details concerning the

time, date, place and manner of same, which supports, refutes, concerns, relates or refers to the

allegations referenced or described in the Interrogatory and in addition, means to identify all

persons and each document, and also to provide a narrative detailed chronological history of the

incident or events inquired about in accordance with paragraph (9), below, which concerns, refers

or relates to such fact, consideration, circumstance, act, omission, event, transaction, occurrence,

statement, or accident.

(9)     The instruction "identify" shall require that the Plaintiff state:

(A)     <u>When used with reference to a document</u>:

(i)      The date of the document;

(ii)     A description of the document with sufficient specificity for

purposes of adequate identification in a Request for Production of Documents or Subpoena

*Duces Tecum*;

(iii)    The name of the author of the document and of those participating

in its creation;

(iv)     The name of the person having custody of the document;

(v)      The name of each person having knowledge of any of the factual

assertions reflected in such document;

(vi)     A statement as to whether Plaintiff has in his/her possession or

control the specified document or a copy thereof.  In the event said document has become

unavailable by reason of loss or destruction, a statement specifying the circumstances of such

unavailability, including the date of any loss or destruction, and a reasonably complete

description of the contents of said document.

(B)    <u>When used with reference to a person</u>:

(i)    Full name and age;

(ii)    Present or last known home and business addresses and telephone numbers;

(iii)    Each employer and the position held by such person with respect to the period covered by the Interrogatories;

(iv)    A description of each duty and responsibility held by such person; and

(v)    Dates of commencement and termination of employment and, during the period of employment and dates between which each of their titles, duties, and responsibilities was held or performed.

(vi)    When used in reference to a person other than a natural person, "identify" means to state what type of legal entity the person is (*e.g.*, corporation, partnership, etc.), its type of business; its state of incorporation and whether it is licensed or authorized to do business in Virginia, if applicable; its name, present and last known address, principal place of business and the names and addresses (home and business) of its officers.

(vii)    Once any person has been identified properly, it shall be sufficient thereafter to identify the person by his/her name only.

(C)    <u>When used in reference to an act</u>:

When used with respect to an act (including an alleged offense), occurrence, statement or conduct (hereinafter collectively called "act"), means to describe the substance of the event or events constituting such act; and to state the date when such act

occurred; the identity of each and every person or persons participating in such act; the identity

and address of all other persons, if any, present when such act occurred; whether any minutes,

notes, memoranda or other recordation of such act was made; whether such recordation now

exists; and the identity and address of the person or persons presently having custody or control

of such recordation.

   (D) <u>When used with reference to a communication:</u>

    "Identify" or "identification" shall mean, when referring to an oral

communication or oral statement, to:

     (i) State the date of each oral communication or statement;

     (ii) State the place where each oral communication or statement

occurred;

     (iii) Identify the person making each oral communication or statement;

     (iv) Identify all other persons present at the time each oral

communication or statement was made;

     (v) If the oral communication or statement was by telephone:

      (a) Identify each person participating in the telephone

conversation;

      (b) Identify the place where each person participating in the

call was located at the time of the call;

     (vi) Summarize the substance of each oral communication or statement.

   (E) <u>When used with reference to facts, the term as used herein means:</u>

      (a)    Describe fully by reference to underlying facts rather than by ultimate facts or conclusions of fact or law;

      (b)    Particularize as to:

          (i)    Time;

          (ii)    Place; and

          (iii)    Manner.

(10)    "Accident" includes any event, occurrence, incident, failure, explosion, or fire claimed by this Plaintiff to have caused or contributed to causing the bodily injuries, which are the subject of this litigation. Where the terms "accident" or "the accident" are used, they are meant to mean the incident, which is the basis of this lawsuit, unless otherwise specified.

(11)    "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside their scope.

(12)    "Custodian" means the person having possession or control of documents, and a request for his/her identity constitutes a request for his/her name and address.

(13)    As used in these Interrogatories, the following terms refer to the employment and personnel practices of the Plaintiff and encompass the following definitions:

      a.    "job category" and "job classification" mean the descriptive name given to each employment position held.

      b.    "pay group" means each group of employees with the same rate of pay in any one-job category;

c.   "line of progression" means each line of work in which an employee enters at a lower ranking job and progresses to a higher ranking job in the manner provided by a collective bargaining agreement or by management organization;

d.   "promotion" means any permanent change in job title to another job title with a higher maximum rate of pay; and

e.   "transfer" means the movement from one job category to another or from one unit or location to another, whether or not a change of pay is involved, but does not include a promotion.

(14)   In your answer to each Interrogatory, identify all documents and persons on which you rely for your answer or which helped you prepare your answer.

(15)   Where the name of a person is requested, indicate the full name, home and business address and telephone numbers of such person.

(16)   Where an act of a person is referred to, or where knowledge, information or documents in the possession of a person is requested, such request includes knowledge, information and documents of the person's agents, next friend, guardian, representatives, consultants, and, unless privileged, such person's attorney.

(17)   Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances mentioned or complained of in the pleadings.

(18)   The singular includes the plural and the masculine includes the feminine and neuter, and vice versa.

(19)    These Interrogatories are continuing in character and nature, so as to require you to file supplementary answers if you obtain further or different information before trial.

(a)    These Interrogatories are continuing in nature and require you to supply such further information relative thereto as you may receive before the date of trial.

(b)    Where the name or identity of a person is requested, please state the full name, home address, and also business address, if known.

(c)    Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrence mentioned or complained of in the pleadings.

(d)    Where knowledge or information in possession of a party is indicated, such request includes knowledge of the party's agents, representatives and, unless privileged, its attorney.

## **INTERROGATORIES**

1.    State the full name, age, employment position, business address, of all people participating in the answering of any discovery in this matter.

**ANSWER:**


2.    Identify all individuals known by you who has knowledge about the incident which is the subject of this lawsuit or about the Plaintiff's injuries, providing the following:

a.    their full name,

b.    their date of birth,

c.    their employment position,

d.    their last known home address,

  e.  their last known home phone number,

  f.  their last known cell phone number,

  g.  whether they were an eye witness or otherwise

  h.  their knowledge of the incident and/or Plaintiff's injuries.

**ANSWER:**


3. Please describe fully and completely how the incident referred to by Plaintiff in his Complaint occurred.

**ANSWER:**


4. Identify with the complete name all products, materials or any other solutions mixed together at the time of the incident referenced in Plaintiff's Complaint.

**ANSWER:**


5. Identify all ingredients in all of the products, solutions and or materials mixed at the time of the incident referenced in the Plaintiff's Complaint.

**ANSWER:**

6.      Identify all individuals employed as managers and/or supervisors working at the

Walmart located at 7430 Bell Creek Road, Mechanicsville, VA  23111 in the year 2017,

providing the following:

        a.      their full name,

        b.      their date of birth,

        c.      their employment position,

        d.      their last known home address,

        e.      their last known home phone number,

        f.      their last known cell phone number,

        g.      their dates of employment,

        h.      if they are still employed by Walmart.

**ANSWER:**

7.      Describe the Defendant's policies and procedures as of October 16, 2017 and presently concerning cleaning bathrooms at the Wal-Mart located at, 7430 Bell Creek Road, Mechanicsville, VA  23111.

**ANSWER:**

8.      If it is your contention that the Plaintiff's injuries were caused in whole or in part by someone other than an agent, representative and/or employee of the Defendant, please state the full identity of all such persons, giving their name, address and telephone numbers, and state the manner in which such other person caused or contributed to Plaintiff's injuries and state the name and address of all persons having relevant knowledge of such.

**ANSWER:**

9.      If you allege that the Plaintiff was guilty of negligence which proximately caused or contributed to cause his injuries, please state all facts on which you will rely as tending to show that the Plaintiff was negligent and please state the name and address of all persons having relevant knowledge of such.

**ANSWER:**

10.     If you or any agent, representative and/or employee of the Defendant, made or

gave any statement, whether oral or written, to anyone regarding the happening of the alleged

occurrence, please state the name and address of each persons to whom you made or gave any

such statements, the date of such statements, the name and address of each person knowing,

having possession of or custody of any such statement, and the substance and content, as best you

recall, of each such statement.  (This includes statements made at anytime to anyone including

but not limited to witnesses, the Plaintiff, police, friends, family, co-workers, insurance

companies and anyone else other than your attorneys)

**ANSWER:**

11.     If the Plaintiff made or gave any statement, whether oral or written, to anyone

regarding the happening of the alleged occurrence, please state the name and address of each

person to whom Plaintiff made or gave any such statements, the date of such statements, the

name and address of each person knowing, having possession of or custody of any such

statement, and the substance and content, as best you recall, of each such statement.

**ANSWER:**

12.     If you have knowledge of any photographs or video taken of the Plaintiff or of the

scene of the incident, please state the name and address of the person taking such

photographs/videos, what said photographs/videos depict, and the name and address of the

person or persons having present possession of such.

**ANSWER:**

13.     Identify any warning signs or other warnings of any dangerous conditions that

existed on the premises of the Walmart located at 7430 Bell Creek Road, Mechanicsville, VA

that were in place on October 16, 2017

**ANSWER:**

14.    With regard to the incident referred to in Plaintiff's Complaint, identify each policy of insurance which might afford liability coverage to the Defendant. For each policy listed, state the name and address of the named insured and of the insurance company, the policy number, the policy period, and the limits of liability coverage for personal injuries and whether question or doubt exists as to your rights under the policy (reservation of rights asserted, non-waiver agreement, etc.).

**ANSWER:**


15.    Please state the name, present address and telephone number of the Walmart employee who also was injured at the same time Plaintiff was injured.  Also state whether this individual is still employed by Walmart and if he is provides his business address.

**ANSWER:**


16.    State all facts you rely upon to support any and all affirmative defenses you claim, stating which facts relate to each asserted affirmative defense and identify all individuals with information supporting said denial.

**ANSWER:**

17.     If you contend that any or all of the injuries/medical bills claimed by the Plaintiff

are not the result of the incident giving rise to this lawsuit, identify all individuals with

information supporting said denial.

**ANSWER:**

18.     Please list by full name, business and home address and telephone number all

persons having knowledge of the pre-accident and post-incident health of the Plaintiff, the

injuries sustained by the Plaintiff in the incident giving rising to this lawsuit, and/or the Plaintiff's

activities since said accident.

**ANSWER:**

19.     If you or anyone acting in your behalf has performed, ordered or coordinated any

observations or surveillance of the Plaintiff since the incident giving rising to this lawsuit, please

provide the date of such, the nature of such, the activities observed, and the name, business and

home address and telephone number of the persons conducting, coordinating and/or having

knowledge of such.

**ANSWER:**

20.    Identify each person you expect to call as an expert witness at the trial of this action, and state the following information with respect to each such person:

        (a)    the name, occupation, title, and address of the witness;

        (b)    the subjects on which the witness is to be qualified as an expert;

        (c)    the subject matter on which the witness is expected to testify;

        (d)    the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds of each opinion.

**ANSWER:**

21.    Please provide the following information related to any workers compensation claim made by the Wal-mart employee who was also injured in the incident referenced in the Plaintiff's Complaint:

        (a)    The name of the Insurance Company

        (b)    the name, address, phone number and email, of any adjustor who worked on the claim,

        (c)    the claim number.

**ANSWER:**

22.     Please list by full name, business and home phone numbers and address of all

persons having knowledge of the Plaintiff's reputation for truth and veracity.

**ANSWER:**

James Johnson
By counsel

David L. Epperly, Jr., Esquire, VSB #30072
EPPERLY & FOLLIS, P.C.
7 East Franklin Street
Richmond, Virginia 23219
(804) 648-6480
(804) 643-1551 facsimile
Counsel for Plaintiff

**VIRGINIA:**

### IN THE CIRCUIT COURT OF THE CITY OF RICHMOND
### John Marshall Courts Building

James Johnson,

      **Plaintiff,**

                              **Case No.:CL19005259-00**

**Wal-Mart Stores East, LP
t/a Wal-Mart Supercenter #1525**

**and**

**Wal-Mart Stores, Inc**

      **Defendants.**

### <u>PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF<br>DOCUMENTS TO DEFENDANTS</u>

      Pursuant to Rule 4:9 of the Rules of the Supreme Court of Virginia, the Plaintiff, by counsel, requests the Defendant to produce the following documents within twenty-one (21) days after service of this Request at the offices of Epperly & Follis, P. C., 7 East Franklin Street, Richmond, Virginia 23219.

### <u>INSTRUCTIONS</u>

      A.      "Document" shall mean any writing (whether handwritten, typed, printed, or otherwise made), drawing, graph, chart, photograph, phono-record, or other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonable usable form, which are in the possession, custody, or control of the plaintiff.

      B.      The production of documents shall designate separately which documents are being produced in response to each of the following requests.

C.     If any document herein requested was formerly in the possession, custody, or control of the plaintiff and has been lost or destroyed, plaintiff is requested to submit in lieu of each such document a written statement which:

1.     describes in detail the nature of the document and its contents;

2.     identifies the person who prepared or authorized the document and, if applicable, the person to whom the document was sent;

3.     specifies the date on which the document was prepared or transmitted;

4.     specifies, if possible, the date on which the document was lost or destroyed, the conditions of and reason for such destruction, and the persons requesting and performing the destruction.

D.     For each document, otherwise required to be produced by this request, which you contend is privileged or otherwise not discoverable pursuant to applicable law, identify such document by its date, author, and recipient(s); state the subject matter of such document; and state the basis for your contention that the document is not discoverable.

E.     This request for production of documents is continuing and any document obtained or located subsequent to production, which would have been produced had it been available or its existence known at the time, is to be supplied forthwith.

## REQUESTS

1.      Any and all statements taken from any eyewitness to this incident.

**RESPONSE:**


2.      Any and all statements taken from any person (not an eyewitness) having any knowledge of the events leading up to or concerning the incident or Plaintiff's injuries.

**RESPONSE:**


3.      Any and all statements taken from the Plaintiff.

**RESPONSE:**


4.      Any pictures, still or motion, taken of the scene involved in this occurrence.

**RESPONSE:**


5.      Any pictures, still or motion, taken of the products and or materials involved in this occurrence.

**RESPONSE:**

6.     Any and all sketches/diagrams, plans, plats, drawings, maps, or schematics concerning the incident scene, the involved products/materials or in any way relating to this occurrence.

**RESPONSE:**

7.     A copy of all insurance policies (including declaration sheets) providing coverage for this claim.

**RESPONSE:**

8.     All leases in effect for the property where the accident as alleged in Plaintiff's Complaint occurred.

**RESPONSE:**

9.     All photographs, videos, documents and/or records of any nature pertaining to any surveillance or observations of the plaintiff.

**RESPONSE:**

10.     All photographs, videos, documents and/or records of any nature pertaining to the incident that is the subject of this litigation.

**RESPONSE:**

11.    Any and all documents or things which defendant expects to introduce at trial.

**RESPONSE:**

12.    Copies of all reports, incident reports and/or any other documentation related to the incident set forth in Plaintiff's Complaint.

**RESPONSE:**

13.    Copies of all records received in response to any subpoena duces tecum.

**RESPONSE:**

14.    Copies of all records, reports, test and/or other information related to any testing done on the solution mixed which is the subject of the incident referenced in Plaintiff's Complaint.

**RESPONSE:**

15. Copies of all reports, incident reports and/or any other documentation related to any Workers Compensation claim made by the Walmart employee who was also injured in the incident set forth in Plaintiff's Complaint.

**RESPONSE:**

16. If any documents are being withheld because of a claimed privilege, please identify or describe each document in accordance with Rule 4:1(b)(6) of the Rules of the Supreme Court of Virginia so that the propriety of the claim or privilege can be evaluated.

**RESPONSE:**

James Johnson
By counsel

David L. Epperly, Jr., Esquire, VSB #30072
EPPERLY & FOLLIS, P.C.
7 East Franklin Street
Richmond, Virginia 23219
(804) 648-6480
(804) 643-1551 facsimile
Counsel for Plaintiff